UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| EARNEST BELL, | ) | Civ. 10-4089-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION TO DISMISS |
| SIOUX FALLS SOUTH DAKOTA | ) | |
| POLICE DEPT, | ) | |
| OFFICER JOHN DOE #1, | ) | |
| OFFICER JOHN DOE #2, and | ) | |
| OFFICER JOHN DOE 3, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Earnest Bell, filed a pro se complaint against defendants

pursuant to 42 U.S.C. § 1983. Bell alleges that he was beaten, maced, and

dragged through the snow by his arms by three unknown Sioux Falls police

officers while being arrested for failure to yield at a stop sign and reckless

driving on December 21, 2008. Docket 1. Bell asserts he was treated at

Avera McKennan Hospital in Sioux Falls, South Dakota, for his injuries. For

this alleged violation of his rights, Bell seeks damages of $150,000.

Defendants move to dismiss pursuant to Rules12(b)(5) and 12(b)(6) of the

Federal Rules of Civil Procedure. Defendants first argue that Bell has failed

to state a claim upon which relief may be granted as to defendant Sioux

Falls Police Department. They also argue Bell has failed to properly serve

defendants Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3.

**STANDARD OF REVIEW**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota,* No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and

conclusory statements unsupported by factual allegations are not sufficient.

*Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se

complaints are to be construed liberally, "they must still allege facts

sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912,

914 (8th Cir. 2004). The court is not required to supply additional facts for a

pro se plaintiff, nor construct a legal theory that assumes facts which have

not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff

must allege sufficient facts to show (1) that the defendants acted under

color of state law, and (2) that the alleged wrongful conduct deprived the

plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601

F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## DISCUSSION

Defendants argue that Bell has failed to state a claim upon which

relief may be granted against the Sioux Falls Police Department for two

reasons. First, they argue that Bell has not alleged that an official policy or

custom caused him to suffer constitutional harm. Docket 18.

Bell seeks to impose liability on the Sioux Falls Police Department for

the conduct of the three John Doe defendants. A local governmental entity,

however, may not be held liable under § 1983 under a theory of respondeat

superior. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). A

plaintiff seeking to establish a claim against a local governmental entity

must show that an official policy or custom caused him to suffer a constitutional harm. *Kinman v. Omaha Pub. Sch. Dist.,* 94 F.3d 463, 467 (8th Cir. 1996).

The terms "policy" and "custom" are not interchangeable. A " 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Kuha v. City of Minnetonka,* 365 F.3d 590, 604 (8th Cir. 2004) (citing *Ware v. Jackson Cnty.,* 150 F.3d 873, 880 (8th Cir. 1998)). Conversely, liability may attach for a "constitutional violation visited pursuant to a governmental custom, even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-91 (1978). In order to prove that such a municipal custom exists, a plaintiff must prove:

(1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

(2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

(3)  The plaintiff's injury by acts pursuant to the governmental' entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation.

*Kuha,* 365 F.3d at 604. Bell has not met his burden.

Bell does not allege in his complaint that any departmental "policy" caused him constitutional injury. Nor has he alleged facts demonstrating his alleged assault occurred because of a departmental custom. Even accepting his allegations as true, one isolated incident, without more, is insufficient to show a "continuing widespread persistent pattern of unconstitutional conduct." *Id.* at 604. *See, e.g., Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (holding that two prior instances of misconduct were not sufficient to show a persistent pattern of misconduct amounting to police custom). Bell's complaint also fails to allege that the police department had notice of the officers' unconstitutional conduct and were deliberately indifferent or tacitly authorized the conduct. In fact, Bell pleads no facts that would show the department had notice. Because Bell's complaint does not allege facts that could satisfy the first two elements, he has not properly pleaded that a department "custom" caused his constitutional injury. Accordingly, the complaint fails to state a claim upon which relief may be granted against the Sioux Falls Police Department.

Defendants also argue that the claims against defendants Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3 should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. The summons and complaint in this case were served upon Kay Faber, an administrative assistant for the Sioux Falls

Police Department, on October 6, 2010. Docket 18 at 6. This service is not sufficient for defendants Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3.

The Federal Rules of Civil Procedure permit a variety of service methods, including personal service on the defendant, service by leaving a copy of the summons and complaint with an individual of suitable age at the defendant's dwelling, or by leaving a copy of the summons and complaint with an agent authorized or appointed by law to accept service on behalf of the defendant. Fed. R. Civ. P. 4(e). Service may also be made in accordance with South Dakota law. *Id.* ("[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made."). Bell has utilized none of these methods with regard to defendants Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3. Kay Faber is not an authorized or appointed agent of these three defendants and as a result, Bell has failed to comply with any of the methods for service allowed by Rule 4(e). Thus, Bell's claims against Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3 are dismissed without prejudice pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. *See Coates v. Does*, 285 Fed. App'x 308, 309 (8th Cir. 2008) (affirming dismissal of complaint but

modifying it to be without prejudice as to the unserved defendants). It is, therefore

ORDERED that defendants' motion to dismiss (Docket 17) is granted as to all defendants. Judgment will be issued.

Dated November 23, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE